IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Desmond George Hibbert, )
    Petitioner, )
)
v. ) 1:10cv1420 (CMH/IDD)
)
L. Kelly, )
    Respondent. )

FILED
DEC - 1 2011
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## MEMORANDUM OPINION

Desmond George Hibbert, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction following a jury trial in Chesapeake City Circuit Court. On July 8, 2011, respondent filed a Rule 5 Answer accompanied by a Motion to Dismiss and supporting brief. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has filed a reply. Accordingly, this matter is now ripe for disposition. For the reasons that follow, respondent's Motion to Dismiss must be granted, and the petition must be dismissed.

### I. Background

Petitioner is incarcerated pursuant to a final judgment of the Chesapeake City Circuit Court, entered on September 14, 2004. Petitioner was convicted following a jury trial of threatening to burn, attempted arson on an occupied dwelling, arson of an occupied dwelling, maliciously burning grass, destruction of property, malicious wounding, and two counts of abduction following a jury trial. Commonwealth v. Hibbert, R. Nos. 04-852, 04-893, 04-1579, 04-1580, 04-1582, 04-1583, 04-1604. Petitioner was sentenced to forty five years. Id. The per

curiam opinion of the Court of Appeals denying petitioner's petition for review on direct appeal reveals the following underlying facts:

> [T]he evidence concerning the abduction charges proved that Sherri Palmer and appellant lived together with their four-year-old child. On October 13, 2001 appellant and Palmer argued about a photograph. After appellant left the apartment, Palmer fell asleep but later awoke to a drilling sound. Palmer saw appellant standing near the only door of the apartment with a cordless drill in his hand. Appellant then poured gasoline in various rooms of the apartment and threatened to burn the apartment unless Palmer destroyed the photograph. Palmer and appellant fought in the living room. When their child entered the room, Palmer took the child to the bedroom and tried to call the police. Appellant threatened her with a bottle. When a neighbor knocked on the door and said she intended to call the police, Palmer was not able to open the door because it had been screwed shut. After appellant removed the screws, the child told the neighbor, "My daddy screwed the door shut."
>
> * * * * *
>
> [A]pellant shut the door and told Palmer "he was going to burn the place down." Appellant poured gasoline from a milk jug in various rooms of the apartment and then removed a match from his pocket. Again, he threatened to burn the apartment. Although appellant never lit the match . . . .
>
> * * * * *
>
> [D]uring the evening of October 15, 2001 another of Palmer's neighbors heard the sound of glass breaking and looked outside. She saw appellant striking matches and saw a flame from a match. As she called 911 fire alarms sounded. She testified that the area was very smoky and that she escaped from a window after the fire department arrived.

Hibbert v. Commonwealth, R. No.2178-04-1.

2

Petitioner appealed his conviction to the Court of Appeals of Virginia, which denied his petition in a per curiam Order dated May 13, 2005. Id. Volley v. Commonwealth, R No. 2412-06-2.

On April 6, 2006, petitioner filed his first state writ of habeas corpus in the Chesapeake City Circuit Court, raising the following two claims:

> A. Counsel was ineffective for failing to appeal every issue the petitioner wished addressed in his petition for appeal, and
>
> B. Counsel was ineffective for failing to file for reconsideration of the denial of his appeal by a three judge panel and for not then appealing to the Virginia Supreme Court.

By Order dated March 6, 2007, the court dismissed Claim A of the petition, but granted petitioner leave to file a belated appeal to the Supreme Court of Virginia regarding Claim B. Hibbert v. Kelly, R. No. CL06-1335. The Supreme Court of Virginia refused petitioner's appeal on November 19, 2008. Hibbert v. Commonwealth, R. No. 081278.

On August 7, 2009, petitioner filed a second petition for writ of habeas corpus in the Chesapeake City Circuit Court, raising the sole claim that his counsel was ineffective for failing to call witnesses whose testimony, allegedly, would have been exculpatory. State Pet. at 3. The court dismissed the petition in an Order dated May 13, 2010. Hibbert v. Kelly, R. No. CL09-1924. Petitioner appealed to the Supreme Court of Virginia, which refused his appeal on November 30, 2010. Hibbert v. Kelly, R. No. 101499.

Petitioner timely filed the instant petition for § 2254 habeas corpus relief on or about December 13, 2010,[1] alleging that he received ineffective assistance because "counsel failed to

---

[1] For pro se prisoners a petition is deemed filed when the prisoner places it in the prison mailing

3

call certain witnesses, whose testimony would have been exculpatory."

## II. Exhaustion and Procedural Bar

In reviewing a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, a federal court must first determine whether the petitioner has exhausted his claims before the appropriate state courts and whether those claims are barred by a procedural default. As a general rule, a federal petitioner must first exhaust his claims in state court because exhaustion is a matter of comity to the state courts; failure to exhaust a claim requires its dismissal by the federal court. See 28 U.S.C. § 2254(b); Granberry v. Greer, 481 U.S. 129, 134 (1987); Rose v. Lundy, 455 U.S. 509, 515-19 (1982). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, in Virginia, a § 2254 petitioner must first have presented the same factual and legal claims to the Supreme Court of Virginia either by way of a direct appeal, a state habeas corpus petition, or an appeal from a circuit court's denial of a state habeas petition. Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997) (quoting Picard v. Connor, 404 U.S. 270, 275-78 (1971) for the proposition that for a claim to be exhausted, "both the operative facts and the 'controlling legal principles' must be presented to the state court."); see Pruett v. Thompson, 771 F.Supp. 1428, 1436 (E.D.Va. 1991), aff'd 996 F.2d 1560 (4th Cir. 1993) (exhaustion requirement is satisfied when "allegations advanced in federal court ... [are] the same as those advanced at least once to the highest state court.").

---

system. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Petitioner does not state the date he placed his petition into the

This does not end the exhaustion analysis, however, because "[a] claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). Importantly, however, if "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence," this will "prevent[] federal habeas review of the defaulted claim." Id. (quoting Gray, 518 U.S. at 162).

Additionally, where a state court has determined that a claim has been procedurally defaulted, its finding is entitled to a presumption of correctness on federal habeas corpus review, provided two foundational requirements are met. Harris v. Reed, 489 U.S. 255, 262-63 (1989); Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)). First, the state court must have relied explicitly on the procedural ground to deny petitioner relief. Id. Second, the state procedural rule relied on to default petitioner's claim must be an independent and adequate state ground for denying relief. Id. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). When these two requirements have been met, federal courts may not review the barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260.

Respondent argues that the petition should be dismissed because the Chesapeake City Circuit Court dismissed petitioner's claim as successive pursuant to Virginia Code § 8.01-654(B)(2), which provides that "[n]o writ shall be granted on the basis of any factual allegations

---

mailing system, however, the envelope was received by the Clerk's Office on December 13, 2010.

the facts of which petitioner had knowledge at the time of filing any previous petition." However, respondent's argument is incorrect. The Circuit Court explicitly stated that the petitioner's claim was "too vague to determine whether it is an issue that could have previously been raised." Therefore, instead of applying the successive petition statute, the court dismissed the petition on the merits. Hibbert v. Kelly, R. No. CL09-1924. Consequently, the instant petition cannot be dismissed on the basis of state procedural default and the Court must conduct a merits review of the petition.[2]

### III. Standard of Review

Where a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant habeas relief unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or is based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination meets the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. Under the "unreasonable application" clause, the writ should be

---

[2] However, to the extent petitioner alleges new facts or raises new legal arguments in support of the claim in the instant petition, those allegations are unexhausted. In order to meet the exhaustion requirement, a petitioner "must have presented to the state court 'both the operative facts and the controlling legal principles." Kasi v. Angelone, 300 F.3d 487, 501-02 (4th Cir. 2002). Facts not presented to the state court cannot be considered by a federal court. See Cullen v. Pinholster, 131 U.S. 1388, 1399 (2011) ("It would be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that unreasonably applied federal law to

6

granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Moreover, this standard of reasonableness is an objective one. Id. at 410.

### IV. Merits

In his only claim, petitioner argues that counsel rendered ineffective assistance because he failed to call witnesses who allegedly would have provided exculpatory testimony. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have

---

facts not before the state court.").

been different." Strickland, 466 U.S. at 694. And, in this respect, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. See Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

When petitioner raised the current claim in his state habeas petition, the Chesapeake Circuit Court outlined the applicable Strickland standard and then rejected petitioner's claim on the following basis:

> In Teleguz v. Warden, 279 Va. 1 (2010), the Supreme Court of Virginia considered a similar situation to that presented in this case when it dismissed multiple claims of ineffective assistance of counsel where the petitioner never alleged any prejudice. In dismissing one such claim the Court stated: 'Although petitioner alleges the Everharts [new witnesses] would have contradicted Hertick's [Commonwealth's witness] testimony . . ., petitioner does not demonstrate or even allege, how the testimony would have changed the outcome of the trial.' Id. at 4. Additionally, the Court dismissed a claim because 'the petitioner failed to identify the confidential informant, proffer the testimony he contends the witnesses would have provided, or provide affidavits identifying the testimony.' Id.
>
> In this case, the petitioner attached affidavits but they

8

> do not identify the testimony of the purported
> witnesses. The petitioner has not even alleged that
> the witnesses' testimony would contradict that
> offered at trial, merely that they should have been
> called. Further, he never alleges that if they were
> called the outcome of the trial would be different.
> Therefore, the petitioner has failed to allege any
> prejudice in this ineffective assistance of counsel
> claim and has failed to meet the second prong of the
> Strickland test. As a result, it is unnecessary for this
> Court to reach the "deficiency" prong and the
> petitioner's ineffective assistance of counsel claim
> fails.

Hibbert v. Kelly, CL09-1924. The foregoing determination, which was the last reasoned state court decision, is imputed to the Supreme Court of Virginia, which refused petitioner's habeas appeal without explanation. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

Under these circumstances, the quoted determination by the Chesapeake City Court was factually reasonable and was not contrary to, or an unreasonable application of, the controlling federal law upon which it expressly relied. Strickland, 466 U.S. at 687. Therefore, the same result must pertain here, Williams, 529 U.S. at 412, and habeas corpus relief on petitioner's ineffective assistance of counsel claim must be denied.

### VI. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss must be granted, and this petition must be dismissed. An appropriate Order shall issue.

Entered this  1st  day of  Dec,  2011.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia

9